AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| Robert Dorsky,<br><br>*Plaintiff(s)*<br>v.<br>The City of New York, Police Officer Justina Morales, Target Corporation, Target Stores and Police Officer "John Doe"<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:21-cv-00750<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Police Officer Justina Morales
c/o New York City Law Department
Special Federal Litigation
100 Church Street
New York, NY 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Law Office of Sean H. Rooney
26 Court Street, Ste. 1816
Brooklyn, NY 11242
(718) 243-2168

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____4/7/2021____                                        _____
*Signature of Clerk or Deputy Clerk*

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | | |
|---|---|---|
| Robert Dorsky, | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. 1:21-cv-00750 |
| The City of New York, Police Officer Justina Morales, Target Corporation, Target Stores and Police Officer "John Doe" | ) ) ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* The City of New York
c/o New York City Law Department
Special Federal Litigation
100 Church Street
New York, NY 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Law Office of Sean H. Rooney
26 Court Street, Ste. 1816
Brooklyn, NY 11242
(718) 243-2168

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____4/7/2021_____            _____
                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

Robert Dorsky,

*Plaintiff(s)*

v.

The City of New York, Police Officer Justina Morales, Target Corporation, Target Stores and Police Officer "John Doe"

*Defendant(s)*

Civil Action No. 1:21-cv-00750

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Target Corporation
c/o Fishman McIntyre Berkeley Levine Samansky P. C.
521 Fifth Avenue, 17th FL
New York, NY 10175

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Law Office of Sean H. Rooney
26 Court Street, Ste. 1816
Brooklyn, NY 11242
(718) 243-2168

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____4/7/2021_____                          _____
                                                                    *Signature of Clerk or Deputy Clerk*

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

Robert Dorsky,

*Plaintiff(s)*

v.

The City of New York, Police Officer Justina Morales, Target Corporation, Target Stores and Police Officer "John Doe"

*Defendant(s)*

Civil Action No. 1:21-cv-00750

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Target Stores
c/o Fishman McIntyre Berkeley Levine Samansky P. C.
521 Fifth Avenue, 17th FL
New York, NY 10175

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Law Office of Sean H. Rooney
26 Court Street, Ste. 1816
Brooklyn, NY 11242
(718) 243-2168

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____4/7/2021_____

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Index No.: 1:21-cv-00750
ROBERT DORSKY,
                                                                                    **AMENDED COMPLAINT**
                                     Plaintiff,

             -against-

THE CITY OF NEW YORK, POLICE OFFICER                    **DEMAND FOR A JURY TRIAL**
JUSTINA MORALES, TARGET CORPORATION,
TARGET STORES and POLICE OFFICER "JOHN DOE"
(fictitious name, real name unknown)

                                     Defendants.
------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a claim for personal injuries arising out of a result of a false arrest, false imprisonment, intentional and malicious conduct and/or negligence of the defendants. At the time of the incident Plaintiff was a customer of a Target store located at 6401 18th Avenue in Kings County, New York.

## JURSIDICTION AND VENUE

2.      This matter was removed to the Eastern District of New York from New York State Supreme Court, County of Kings on the basis that Federal Questions of law are involved.

3.      Thereafter, all parties entered into a stipulation on March 26, 2021 wherein all parties consented to allow plaintiff to file this Supplemental Summons and Amended Complaint wherein plaintiff withdraws the Fifth Cause of Action in the complaint alleging deprivation of civil rights under Federal Law under § 42 U.S.C. Sections 1981, 1983, 1988 and the U.S. Constitution.

4. Said stipulation also provided consent from all parties to have the case remanded back to State Court as there will be no Federal Questions at issue after the withdrawal of the Fifth Cause of Action.

5. Accordingly, proper venue in this matter would be in Supreme Court of New York, Kings County.

## PARTIES

6. Plaintiff Robert Dorsky is a natural person residing in Brooklyn, New York.

7. Upon Defendant THE CITY OF NEW YORK (hereinafter "CITY") was and still is a Municipal Corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Upon information and belief, that at all times hereinafter mentioned, Defendant POLICE OFFICER JUSTINA MORALES (hereinafter "P.O. MORALES") was and still is a resident of the State of New York.

9. Upon information and belief, that at all times hereinafter mentioned, Defendant POLICE OFFICER "JOHN DOE" (hereinafter "OFFICER") was and still is a resident of the State of New York.

10. That the defendant TARGET CORPORATION (hereinafter "TARGET CORP") was and still is a domestic corporation licensed to transact business in the State of New York.

11. That the defendant TARGET CORP was and still is a foreign corporation licensed to transact business in the State of New York.

## FACTUAL ALLEGATIONS

12. That at all times hereinafter mentioned defendant TARGET CORP owned a retail store open to the general public located at 6401 18th Avenue, Kings County, New York.

13. That at all times hereinafter mentioned defendant TARGET CORP leased a retail store open to the general public located at 6401 18th Avenue, Kings County, New York.

14. That at all times hereinafter mentioned defendant TARGET CORP maintained and managed a retail store open to the general public located at 6401 18th Avenue, Kings County, New York.

15. That at all times hereinafter mentioned defendant TARGET CORP operated and controlled a retail store open to the general public located at 6401 18th Avenue, Kings County, New York.

16. That at all times hereinafter mentioned defendant P.O. MORALES, was and still is an officer in the Police Department of the CITY OF NEW YORK. Suit is being brought against her individually and in her official capacity.

17. That at all times hereinafter mentioned defendant OFFICER, was and still is an officer in the Police Department of the CITY OF NEW YORK. Suit is being brought against him individually and in his official capacity.

18. That at the time of the aforesaid occurrence the defendant police officers were acting as an employee and agent of the CITY OF NEW YORK within the scope of their authority, and under color of law.

19. That on or about September 5, 2020, at approximately 8:15AM, while Plaintiff was lawfully in the premises located at the Target Store located at 6401 18th

Avenue in the County of Kings, State of New York, the defendants in the scope of their employment, as police officer and in connection with an illegal and false arrest, accosted Plaintiff, physically and verbally abused/assaulted the Plaintiff, falsely arrested the Plaintiff, illegally and forcibly handcuffed him, unlawfully searched the plaintiff multiple times, detained plaintiff at a Target store, Central Booking, holding cell, police precincts, courthouse and/or other locations, confined Plaintiff until his release, and otherwise harmed the Plaintiff.

20. That during the aforesaid assault, the Defendant police officers repeatedly and without justification called Plaintiff names, cursed at Plaintiff, threatened Plaintiff and verbally tormented Plaintiff.

21. That in connection with the aforementioned assault, said defendants were accompanied by another police officer, whose name is unknown to Plaintiff, who joined in the assault, false arrest and unlawful confinement of the Plaintiff.

22. That the aforesaid assault took place in a public in front of other people, many of whom knew the Plaintiff, much to Plaintiff's dismay and humiliation.

23. That the aforesaid acts were the result of brutal, wanton and malicious conduct on the part of the Defendant police officers, and at no time did Plaintiff provoke or cause any of the aforesaid conduct and in no way was the aforesaid conduct justified or reasonable.

24. That at no time did Plaintiff commit any crime, break any law, or do any wrong.

25. That solely by reason of the foregoing, the Plaintiff sustained serious and severe personal and psychological injuries.

26. That solely by reason of the foregoing, the Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

## AS AND FOR A SECOND CAUSE OF ACTION

27. The Plaintiffs repeats, reiterates and re-alleges each and every allegation contained in the paragraphs of the Complaint numbered "1" through "26" as if fully set forth herein at length.

28. That at the time and place aforesaid, the Defendant police officers, while acting within the scope of their employment by the Defendant CITY, were negligent and grossly negligent and careless in taking custody the Plaintiff.

29. That such negligence and gross negligence consisted of, among other things, that they failed to properly investigate the situation; failed to ascertain the truth of the situation, which could have been ascertained upon reasonable inquiry; failed to discuss the situation with witnesses that were available; took drastic action on an unsubstantiated charge without any further verification or insufficient verification when the situation was not an emergency situation; misjudged and over judged the amount of force necessary to take into custody the Plaintiff; failed to take proper precautions to prevent unnecessary and severe physical and psychological injury to the Plaintiff while taking Plaintiff into their custody; failed to exercise the proper care and caution in taking the Plaintiff into custody; failed to adequately supervise its employs pertaining to proper use of force when taking persons into custody; and was otherwise careless and negligent.

30. That the injuries aforesaid were due to the negligence and gross negligence of the Defendants and the Plaintiff having in no way contributed thereto.

31. That as a result of the aforesaid, Plaintiff suffered severe personal and psychological injuries herein above alleged.

32. That solely by reason of the foregoing, the Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

## AS AND FOR A THIRD CAUSE OF ACTION

33. The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs of the Complaint numbered "1" through "32" as if fully set forth herein at length.

34. That on September 5, 2020, the Plaintiff was falsely arrested without a warrant by the Defendant police officers acting on behalf of the Defendant CITY.

35. That at the aforesaid time and place, and in connection with the aforesaid arrest, the Defendant police officers handcuffed and detained the Plaintiff in a public place, on the street, Central booking, police precinct, holding cell, courthouse and/or other locations.

36. That the aforesaid arrest was a false arrest, in that it was without probable cause, without warrant and without just cause or justification.

37. That the aforesaid detention constituted an unlawful detention in that it resulted from an illegal and unlawful arrest with the Defendants having no cause, justification or right to detain the Plaintiff in their custody.

38. That said arrest was false, groundless and illegal in that Plaintiff committed no crime, broke no law and did no wrong, and there was no probable cause or just cause to believe he had.

39. That the Plaintiff arrest received wide notoriety in his home community in which the arrest occurred, in front of all her friends and acquaintances and in a loud, rambunctious and notorious manner as to attract the attention of all those around.

40. That solely as a result of this false arrest and false imprisonment, the Plaintiff's health was impaired, plaintiff suffered great mental distress, irreparable damage to his reputation and character, his earning power was permanently impaired, his record was permanently marred with the false and groundless notation that he was arrested, incurred substantial mental anguish, incurred substantial and permanent psychological disturbance and embarrassment as well as suffered all the injuries as previously alleged herein.

41. That solely by reason of the foregoing, the Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

### AS AND FOR A FOURTH CAUSE OF ACTION

42. The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs of the Complaint numbered "1" through "41" as if fully set forth herein at length.

43. That on September 5, 2020, the Defendants in connection with the aforesaid illegal detention and arrest of the Plaintiff, did intentionally, maliciously, and wantonly torment the Plaintiff by threatening him, calling him names, cursing at him, and abusing him, all in front of him friends, neighbors and acquaintances in a public place for no reason.

44. That the aforesaid acts were a result of brutal, outrageous and malicious conduct on the part of the Defendant police officer and at no time did the Plaintiff

provoke or cause any of the aforesaid conduct, and in no way was the aforesaid conduct justified or reasonable.

45. That as a result of the aforesaid, the Plaintiff suffered personal injuries as hereto before alleged, in addition to great mental distress, severe mental anguish, extreme humiliation, permanent psychological disturbance, embarrassment, intense fear, suffered great pain and distress and was otherwise injured.

46. That solely by reason of the foregoing, the Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

## AS AND FOR A FIFTH CAUSE OF ACTION
*(intentionally omitted)*

## AS AND FOR A SIXTH CAUSE OF ACTION
## FOR PUNITIVE DAMAGES

47. That Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs of the Complaint numbered "1" through "46" as if fully set forth herein at length.

48. That the aforesaid acts by the Defendants were the result of willful, wanton, outrageous, malicious, illegal, brutal and unconscionable intentions and actions without cause or justification.

49. That as a result of this wanton conduct and gross negligence, Plaintiff is entitled to recover punitive damages.

50. That solely by reason thereof, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

51. That heretofore, the Plaintiff caused to be served upon the comptroller of the Defendant CITY a Notice of Claim, pursuant to Section 50-e of the General Municipal Law, and more than 30 days have elapsed and the claim was not settled or adjusted. Said notice was served within 90 days of the occurrence complained of, and this action was commenced within one year and 90 days from the date of said occurrence.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## NEGLIGENT HIRING/RETENTION

52. That Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the paragraphs of the Complaint numbered "1" through "51" as if fully set forth herein at length.

53. That Defendants failed to exercise reasonable care in selecting, hiring, retaining and training its employees. At the time defendants hired, retained and trained said employee/police officers, defendants knew or should have reasonably known that said officers would violate the rights of members of the general public and as a direct and proximate result, would cause injuries as alleged herein.

54. As a direct and proximate result of Defendant's negligent selection, hiring, retention and training, plaintiff has suffered and continues to suffer injuries entitling plaintiff to damages in an amount which exceeds the jurisdictional limits of all lower Courts.

## AS AND FOR A EIGHTH CAUSE OF ACTION
## DENIAL OF MEDICAL CARE

55. That Plaintiff repeats, reiterates and re-alleges each and every allegation

contained in the paragraphs of the Complaint numbered "1" through "54" as if fully set forth herein at length.

56. That while Plaintiff was in custody of the defendants, plaintiff suffered injuries, which required immediate medical care.

57. That Plaintiff informed defendants of his need for medical care, requested that defendants provide him medical care, and his request was denied.

58. That Defendants failed to exercise reasonable care in denying medical care to the plaintiff, including but not limited, to failing to ascertain plaintiff's medical condition and/or medical needs, and was otherwise careless, negligent and/or reckless in failing to inquire into plaintiff's physical condition and to provide timely and adequate medical care.

59. That as a result of the foregoing, plaintiff has been damaged in the amount of which exceeds the jurisdictional limits of all lower Courts.

## AS AND FOR A NINTH CAUSE OF ACTION
## FALSE IMPRISONMENT

60. That Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs of the Complaint numbered "1" through "59" as if fully set forth herein at length.

61. That the Defendants intended to confine the plaintiff.

62. That the Plaintiff was aware of the confinement.

63. That the Plaintiff did not consent to the confinement.

64. That the Defendants' confinement of the plaintiff was not otherwise privileged.

65. That as a result of the foregoing, plaintiff has been damaged in the amount of which exceeds the jurisdictional limits of all lower Courts.

**WHEREFORE**, the Plaintiff demands Judgment against the Defendants on the First, Second, Third, Fourth, Sixth, Seventh, Eighth and Ninth Causes of Action in an amount which is in excess of the jurisdictional limit of all lower courts that would otherwise have jurisdiction in this matter, together with the costs and disbursements of this action.

Dated: Brooklyn, New York
      April 5, 2021

                                              SEAN H. ROONEY, ESQ.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X   Index No.: 1:21-cv-00750
ROBERT DORSKY,

                        Plaintiff,

    -against-

THE CITY OF NEW YORK, POLICE OFFICER
JUSTINA MORALES, TARGET CORPORATION,
TARGET STORES and POLICE OFFICER "JOHN DOE"
(fictitious name, real name unknown)

                    Defendants.
-----------------------------------------------------------------------X

**SUPPLEMENTAL SUMMONS AND AMENDED COMPLAINT**

LAW OFFICE OF SEAN H. ROONEY
Attorneys for Plaintiff
26 Court Street, Ste. 1816
Brooklyn, New York 11242
(718) 243-2168